## SWIFT AND CO v SHAPIRO et

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 14009-16.  Decided Dec 5, 1934

Klein & Diehm, Cleveland, for plaintiff in error.

M. Robert Brickman, Cleveland, for defendants in error.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, (5th Dist) sitting.

## OPINION

By MONTGOMERY, J.

Numerous assignments of error are made, all of which have been considered. We deem it necessary to discuss only the weight of the evidence. We find nothing prejudicial in any of the other alleged errors.

The record shows that on February 4, 1933, and again on February 10, 1933, Swift and Company sold to The State Packing Company, certain dressed sheep; that on February 10, 1933, The State Packing Company sold to one Sasnowsky, a retailer, some of these sheep, but the record fails to show whether these sales to Sasnowsky were of the sheep sold to The State Packing Company on February 4th or on February 10th. On February 11th, 1933, Sasnowsky sold cuts of mutton from these sheep to two households, of which the sev-

eral defendants in error were members. One family ate of the mutton so purchased on February 12th and the other on February 13th. All of the several defendants in error ate of this mutton and all became more or less ill some hours after eating.

Sec 2760, GC, provides:
"Whoever sells, offers for sale or has in possession with intent to sell, diseased, corrupted, adulterated or unwholesome provisions without making the condition thereof known to the buyer, shall be fined," etc.

The evidence shows clearly that the meat was not diseased. Those who purchased and ate it, and who testified in the lower court, detected nothing wrong with the appearance and smell of the meat. Uncooked remnants of it, however, when tested a day or two later, did, according to some witnesses, possess an odor as of urine, and some of the witnesses testified that this meat was unwholesome, not fit for food, and calculated to make ill anyone who might eat it. The evidence was conflicting on this point. It was not strong. Nor did any of the parties suffer much injury. There was evidence, however, from which the trial court might have found that the meat was unwholesome, and that the injuries were sustained from eating it.

Either Swift and Company, The State Packing Company, or Sasnowsky, might be held liable, if a showing were made that, at the time of sale by the one of them sought to be charged, this meat were in fact unfit for food. But as to Swift and Company such showing was not made. Under the evidence the sale by it may have been made on February 4th, eight days before the meat was eaten by one family, and nine days before it was eaten by the other family. Surely it was necessary to show that this meat was unwholesome when it left the possession of Swift and Company, or shortly thereafter. The fact that it was tainted on February 12th or 13th could not even raise a reasonable presumption that it was so tainted eight or nine days earlier. There was no showing that the condition found was of necessity, or by inference, the condition of the previous week.

The judgments of the lower court in these several cases will be reversed as being manifestly against the weight of the evidence, and they will be remanded. Exceptions may be noted.

SHERICK, PJ, and LEMERT, J, concur.